HESSE *v.* KNIPPLE.

## HESSE VS. KNIPPEL.

A physician is not a warrantor or insurer of a case. His only contract is to treat the case with reasonable diligence and skill.

One who professes to adhere to a particular school of practice must come up, at least, to its average standard, and must be judged by its tests and in the light of the present.

A greater degree of care, in respect to human life, is required than in relation to property.

*Saginaw Circuit, March,* 1870.

*Charge to the Jury, by* SUTHERLAND, J.—In this case the plaintiff was employed as a physician by the defendant to treat his wife immediatey after child-birth. He treated her and is entitled to receive therefor $32, unless it appears from the testimony that he does not deserve any compensation by reason of failing to perform his professional duty.

The defendant defends solely on the ground that the plaintiff did not perform his services as a physician, with due care, diligence and skill ; and that by reason of such carelessness, and want of skill, his services were of no value.

To decide whether the plaintiff failed in his duty, it is important that the jury have as definite a rule as can be given in respect as to what is required.

A physician is not a warrantor or insurer of a case ; and he is not to be tried by the result of his remedies. His only contract and duty is to treat the case with reasonable diligence and skill. 22 *Penn. St.* 261, 3 *Wisc.* 416. He is bound not only to use such skill as he has, but to have, and to employ a reasoable degree of it. 31 *Barb.* 534. While the law will not countenance quackery, it does not require the most thorough education, nor the largest experience. One who professes to adhere to a particular school of practice, must come up at least, to its average standard, and must be judged by its tests, and in the light of the present day. *Shear. and Red. on Negl.* pp 490-2, § 435. 437.

It is not claimed that the plaintiff did not possess the requisite skill; but only that he did not use it.

What is reasonable diligence and care, in a particular case, depends on its circumstances ; on the occasion for exertion which these circumstances suggest to avoid possible evils, depends on

the serious character of those evils if they are permitted to occur, and the imminence of the danger. A disease known to be rapid, or a condition known to be critical and dangerous, will require more instant and careful attention and application of remedies than one comparatively harmless, and only requiring good nursing. *Id.* § 438.

The common law has a peculiar regard for human life; and for this reason exacts a greater degree of care in respect to it, than in relation to any mere matter of property. Accordingly, the law requires from all persons, including those who render gratuitous services, at least, ordinary care for the safety of life, from those who render services for compensation, great care 32, *Barb.* 657.

These are general principles. They may be stated more definitely in connection with particular cases.

A physician employed to take charge of a woman in child-bed, has two general duties to perform with care and diligence: first, to ascertain and keep informed as far as practicable. of the condition of his patient; and, secondly, to direct the administration of suitable remedies to promote recovery.

The first duty, that of ascertaining the condition of the patient, is not an absolute duty, but a duty to use the means and methods for that purpose, sanctioned by science and experience, as understood by well-instructed practitioners of the same school; and to pursue the inquiry and examination with reasonable thoroughness. He is not answerable for the errors of an enlightened judgement; but he cannot interpose his judgment contrary to that which is settled. He must apply, without mistake, what is settled in his professson. He cannot try experiments with his patients to their injury. *Shear. and Red. on Negl.* § 440 ; 19 *Pick.* 333 ; 11 *Barb.* 397.

We are reminded by the evidence showing the great complexity of the human organism, that "we are fearfully and wonderfully made." Every present or threatened derangement is not at once manifest; certain conditions may be readily ascertained ; others must be inferred, arrived at by reasoning; judgment must be exercised.

What are safe conditions of a woman just delivered of a child, have been stated with unanimity and precision by the experts.

There is required, first, the complete removal of the *placenta*, with the usual membranous attatchments, and secondly, prompt measures to prevent all excessive loss of blood.  It is agreed by all the witnesses that at the plaintiff's first visit, he promptly arrested the flow of blood ; but it is insisted, on the defense, that there was a subsequent loss, impoverishment, or poisoning of blood, in consequence of the first requisite not being duly attended to.

When the physician has an opportunity to examine the *placenta* discharged, it is conceded that by inspection, he can decide with certainty whether it is intact, or any part detached, so that further examination is required ; and it is agreed on all hands that this means of information is very important.   If this is neglected, or is impracticable, other satisfactory tests may be resorted to.

The jury will have to decide whether the plaintiff was in this part of his duties reasonably diligent.  Was he prevented from examining the *placenta*, by its removal beyond his reach, before his arrival ; or was he so informed, in answer to his inquiry for it ?   If so did he diligently pursue his investigations otherwise, by acting on the information from the midwife, and the result produced, and the condition ascertained by abdominal manipulations?   If he pursued his examinations far enough to form a reliable judgement, or such as thoroughly educated physicians would ordinarily, under like circumstances, form and act upon, he cannot be held responsible for coming to an erroneous conclusion, though other tests might have been used, and were not.

The same rule of duty applies to his subsequent oversight of the case.   And his treatment of the patient otherwise, in all the stages of the illness, including the application of remedies, must be characterized by reasonable care and competent skill, tried by the average standard of educated practitioners.

If the patient died from the effects of a loss of blood at the time of delivery and afterwards, or the failure of medicines, or the omission of medicine to reinvigorate her ; still, if the plaintiff used reasonable care and diligence, considering the nature of the case, and the general state of medical knowledge and experience, he performed his duty, notwithstanding the result.   So the jury should find that in some part of the plaintiff's treatment there

was a want of diligence or skill, but the prejudicial effect was slight and temporary, and was not the obstacle to the recovery of the patient, and did not contribute to her death, it may be disregarded. It is a self-evident proposition that negligence which does no injury, cannot be the basis of an action, nor detract from the value of otherwise meritorious services.

On the other hand, should the jury find that the defendant's wife was in a condition, from time to time, which the plaintiff could have ascertained by reasonable diligence and skill, and he failed to ascertain her condition; or, after having learned her condition, if it appears that by a diligent exercise of reasonable skill, in the use of remedies well known to educated physicians, he could have saved the patient, and by failing in this due administration of remedies, his treatment was unsuccessful, he cannot recover.

A verdict was rendered for the plaintiff.